## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JAMES W. PRICKETT,**

        **Plaintiff,**

vs.                                             Case No. 05-4038-JAR

**DENISON STATE BANK**

        **Defendant.**

### JOINT PROTECTIVE ORDER

This Joint Protective Order is issued pursuant to the Court's Order of September 19, 2005 ordering that the parties submit a jointly proposed Protective Order to protect confidential and proprietary information that may be produced in connection with Plaintiff's individual claims and prohibit disclosure to anyone outside this litigation. Based upon good cause shown and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon the agreement of the Parties, the Court enters the following ORDER:

        1.      All documents, information, interrogatory answers, admissions or other discovery materials produced or obtained as a result of discovery concerning the individual Plaintiff's claims in this litigation (including deposition transcript pages as designated pursuant to paragraph 7 herein, and including discovery obtained from third parties) containing, comprising, or relating to confidential facts, matters, data, and information, shall be considered **CONFIDENTIAL INFORMATION**, subject to this Protective Order if the producing party designates the document as **"CONFIDENTIAL"** in some manner. The parties shall designate that a document is "**CONFIDENTIAL**" by marking the first page of a document

in a manner not affecting or interfering with the legibility of that document.

2. In the event, at any stage of the proceedings, any party to this action disagrees with the designation of any information as "confidential information," the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality designation may apply for appropriate relief to this Court, which will be permitted to conduct an in-camera inspection of the challenged materials. **The party seeking confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment. All documents designated as "confidential" shall retain the protection of this Order until such time as parties' contentions are fully and finally adjudicated, including all appeals.**

3. In the event any third-party disagrees with the designation of any information as confidential information, the third-party and the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality designation may apply for appropriate relief to this Court, which will be permitted to conduct any in-camera inspection of the challenged materials. The party seeking confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment.

4. Confidential information shall be used solely for the purpose of this action. Except with permission of counsel for the producing party or an Order of this Court, any information designated "confidential" shall not be used by the receiving party herein for any other purpose.

5. The parties to this Protective Order shall not disseminate or disclose information or material designated "confidential" except as set forth herein. Disclosure of confidential information shall be limited to the parties (including officers and employees of any party), counsel of record (including law firm

employees) for the parties, counsels' investigators, and legal and clerical assistance, and those categories of persons listed in paragraph 6 below who are necessary to the prosecution or defense of this action.

6. Confidential information may be disclosed to the following persons on a need-to-know basis:

a) Potential witnesses at deposition or trial, and witnesses' counsel if confidential information is reasonably necessary and related to their anticipated testimony, provided that they are provided with a copy of this Protective Order and agree to be bound by its terms;

b) Any person retained or anticipated to be retained by any party or their counsel for the sole purpose of providing expert testimony in the above-referenced litigation and such persons' investigators, and professional and clerical assistants, and any person retained or anticipated to be retained by any party or their counsel for the sole purpose of providing professional consultation or other advisory services in connection with the above-referenced litigation, and such person's investigators, and professional and clerical assistants if confidential information is reasonably necessary and related to their anticipated testimony or consultation or advisory services, provided that they are provided with a copy of this Protective Order and agree to be bound by its terms;

c) The Court and any Court personnel, for any purpose the Court finds necessary.

d) Jurors and Court personnel at trial of Plaintiff's action against Defendant as necessary for trial purposes.

e) At trial confidential information may be used in accordance with the Federal Rules of Evidence, but the parties shall exercise all reasonable care not to disclose such information needlessly.

7.      Deposition testimony by any party to this case or any employee or agent of a party to this case which contains or reflects confidential information is to be governed by the terms of this Protective Order.  Deposition testimony designated as "confidential" at the time of the deposition shall be subject to the full protection of this order.  All deposition testimony not specifically designated shall be deemed confidential for a period of sixty (60) days after counsels' receipt of a copy of transcript.  Parties shall then identify those portions, if any, of the deposition which are to remain confidential within sixty (60) days of receipt of the transcript.

8.      With the exception of persons listed in paragraph 5 and subparts (c), (d), and (e) of paragraph 6 of this Order, **no person entitled to access protected documents or information shall be provided with protected documents or information unless such individual has (a) read the Order of this Court; and (b) completed and signed the attached affidavit attached hereto as Exhibit A.**  No person entitled to access to protected documents or information shall discuss the contents of any such materials with any other individual, except those individuals who are also permitted to view, inspect or examine the materials protected herein.  Counsel are responsible for maintaining copies of executed affidavits and shall make them available for inspection by counsel for any party.

9.      Each and every person reviewing or inspecting documents or materials subject to this Order shall be brought within the personal jurisdiction of this Court, including its contempt power.  **By signing the affidavit, the signing person signifies agreement to abide by the provisions of this Protective Order and consents to the Court's jurisdiction of his or her person for any proceeding involving improper disclosure of protected documents and materials.  Each affidavit signature shall be notarized by an officer of a competent jurisdiction.**

10. Confidential information may be filed with the Court, or included in whole or in part in pleadings, motions, briefs, affidavits or memorandums of law, only if submitted to the Court under seal. Such filing shall be submitted in sealed envelopes, each of which shall bear the case number of this action and a statement substantially in the following form: "This envelope contains documents protected from disclosure under Protective Order entered by the Court. It shall not be opened or released from the custody of the Clerk of the Court except by Order of the Court."

11. All oral argument or presentations to the Court which involve disclosure of any information designated as "confidential," are to be held *in camera* until such time as the Court orders otherwise.

12. No portion of any document marked as "confidential" and filed with the Court shall otherwise be released except upon Court Order for good cause shown or upon written authority of the party to whom said document belongs.

13. Nothing in this Protective Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, or oppose the production or admissibility of any information or documents which have been requested.

14. In the event that a non-designating party receives any subpoena or process pertaining to any confidential information, it will immediately notify counsel for the producing party. No party receiving such a subpoena or process shall furnish copies of confidential information to, or permit inspection thereof by, the person seeking the confidential information by subpoena or process, except pursuant to the consent of the original producing party or an Order of a court of competent jurisdiction.

15. The execution of this Protective Order shall not be construed as an agreement by any party

to produce or supply any information, as a waiver by any party of its right to object to any discovery sought by any other party or as a waiver of any privilege.  **The parties reserve their right to object to the production of such information on any grounds permissible under the Federal Rules of Civil Procedure.**  Production, receipt or designation of information pursuant to this Protective Order as confidential information shall not be construed as a concession by any party that such information is relevant or material to any issue in this case.

16. It is understood by the parties to this action that certain confidential information may constitute valuable information, and this Court may impose appropriate sanctions including a finding of contempt for any violation of this Protective Order.  Further, the parties may pursue any and all civil remedies available for breach of the terms of this Order.

17. Following the termination of this litigation, the provisions of this Order relating to the confidentiality of documents and information shall continue to be binding, except with respect to documents or information that are no longer confidential.  **The Court shall retain jurisdiction over all persons provided access to confidential materials or information for enforcement of provisions or order following termination or final disposition of this action.**

18. All originals and copies of the confidential information, together with any extracts or summaries thereof, shall be returned to the producing party or destroyed within ninety (90) days of the final disposition of this litigation, whether by dismissal, settlement, judgment on appeal, and any notes and other records regarding the confidential information shall be destroyed.

19. This Protective Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court or until such time as the parties may petition the Court to modify or

amend its terms. Nothing in this order shall be deemed to preclude any party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information. Nor shall any provisions of this Order be deemed to preclude any party from challenging the validity or the confidentiality of any materials so designated.

**IT IS SO ORDERED.**

Dated this 31st day of October, 2005, at Topeka, Kansas.

s/ K. Gary Sebelius

K. Gary Sebelius
U.S. Magistrate Judge

___/s/ Pantaleon Florez, Jr.___
PANTALEON FLOREZ JR. #10889
933 S. Kansas Avenue
Topeka, Kansas 66612-1210
ATTORNEY FOR PLAINTIFF

and

**FOLAND WICKENS EISFELDER**
**ROPER & HOFER, P.C.**


    /s/ J. Sean Dumm
DAVID W. WHITE          #14506
J. SEAN DUMM             #20009
911 Main Street, 30th Floor
Kansas City, MO 64105
(816) 472-7474
(816) 472-6262 Facsimile
dwhite@fwpclaw.com
sdumm@fwpclaw.com
**ATTORNEYS FOR DEFENDANT**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JAMES W. PRICKETT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Case No. 05-4038-JAR** |
| | ) |
| **DENISON STATE BANK** | ) |
| | ) |
| **Defendant.** | ) |

**AGREEMENT TO ABIDE BY PROTECTIVE ORDER**

      I hereby certify that I have read the Protective Order dated _____, in the above captioned case, understand its terms and agree that I am bound thereby.

      Dated_____

_____
Print Name_____

STATE OF

COUNTY OF

      Subscribed ad sworn to before me, a Notary Public, this \_\_\_\_ day of _____, _____.

My Commission Expires:

_____